Reese, J.
delivered the opinion of the court.
*503 The lessors of the plaintiff claim title by virtue of a grant from the State of North Carolina, made' in August, 1791. The plaintiffs in error, the defendants in the court below, claim title by virtue of a grant from the same State, made in December, 1791. The grant of neither party was founded directly upon an entry, but in each case upon surveys made by virtue of removed warrants. The survey of the younger grant was first made, and it is urged that the grant and survey relate to each other and constitute one title only. If this be not so, the lessor of the plaintiff was entitled to succeed in the trial below, by operation of his elder grant. The only relation established in North Carolina and Tennessee between a grant and any initiatory act of appropriation, which has been h,eld to overreach the elder grant and confer better title, is, the relation between the younger grant and the elder legal entry. Such effect, from the first beginning of our land system to the present moment, has never in any case been conceded by our courts to the elder survey. No such case can be found in all the volumes of Overton, Cooke, Haywood and Peck, during which period our courts were filled with investigation of land titles in every part of the State, and during which, our peculiar land system was matured and authoritatively settled. On the contrary, it has been expressly held, that the relation contended for between the grant and survey, and the effect claimed for it, do not exist.—See Cooke’s Rep. 130; 3rd Haywood 188; 4th Haywood 180.
It seems from the case to which we are referred, that a different rule prevailed in Virginia. But they had, likewise, in Virginia, their own peculiar land system, founded, as in our case, upon legislation from time to time, and judicial construction thereon; and the analogies of decisions, under these different systems, however they might have reciprocally commended themselves to respect, or even adoption, in the earlier or former periods of these very complicated and artificial land systems, should not now, when these systems, alike in their history and practical application, belong almost exclusively to the past, be permitted to unsettle, or in the least shake or disturb each other, in the determination of the very few remaining questions, which can spring out of them, by *504 the difference which may be found in either system. There is clearly, therefore, no error upon this point in the judgment of the inferior court.
The other objection which has been taken to the proceedings below, is, in the reception of the will of Memucan Hunt as a part of the chain of title. The objection is, that the record does not show the will to have been properly proven, and that the record of the will and probate are not properly authenticated in the certificate made Under the act of Congress: as to the probate, the will is first set forth in totidem verbis, and then follows an entry tested of Ihe proper county, State and court, that the foregoing will of Memucan Hunt was duly proved. The word “foregoing,” imports that the will was spread upon the record preceding the entry of probate; but that is not material. The manner in which different governments may keep their records, whether in books or in files, does not affect their verity, or their nature or character of records. This will and probate are duly and lawfully certified to us to have been such, and must be so received by us. We are of opinion that there is no error in the action of the court below, and we affirm the judgment.